In the Matter of NORMAN A. BRODSKY, (Admitted as Norman Alan Brodsky), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 20, 1976

*John G. Bonomi* of counsel *(Irving Gertel* with him on the brief), for petitioner.

*Saul Edelstein* for respondent.

*Per Curiam.* Respondent was admitted to practice in the Second Department on March 13, 1968.

On October 28, 1975 he pleaded guilty in the United States Court for the District of Massachusetts to a violation of the Federal Securities Laws which occurred in 1970 in connection with certain stock transactions. He was sentenced to two years' imprisonment, the first three months to be served and the balance suspended. He has since commenced serving his sentence.

Petitioner thereupon charged respondent with professional misconduct in violation of subdivision 2 of section 90 of the Judiciary Law. A Referee was designated to hear and determine the matter.

At the hearing, respondent testified he was 25 years of age and just starting his practice when the incident upon which the criminal charge was founded occurred. He stated that his conduct rested upon the expression of an opinion authored by an attorney learned in the field of securities practice.

It further appeared that in 1974, prior to his indictment on the criminal charge, he was charged before the Securities and Exchange Commission with fraudulent conduct in regard to the sale of certain securities in a matter unrelated to the criminal charge. He was suspended from practice before the commission and consented to an injunction prohibiting him from violating the Federal Securities Act.

Respondent in his testimony before the Referee, expressed awareness of the seriousness of his misbehavior and repented his conduct. In addition, he submitted character evidence of the highest quality.

The Referee found respondent guilty of professional misconduct as charged. Respondent made no objection to an order confirming the Referee's report but requested that the court impose censure as an appropriate measure of discipline. Pe-

titioner, however, suggests that respondent be suspended for a period of three years.

Respondent is married and has an adopted daughter 22 months old. Inducted into military service in August, 1968 he was injured a few months thereafter and confined to an army hospital for a period of eight months. Honorably discharged, he is receiving "veteran's disability" from the Veteran's Administration.

There is no doubt of respondent's guilt of professional misconduct. Accordingly, the Referee's report should be confirmed. Nevertheless, considering all the circumstances reflected by the record, including his military service and his sincere regret for the wrongs he committed, respondent should be suspended from the practice of law for a period of one year.

STEVENS, P.J., KUPFERMAN, MURPHY, LUPIANO and BIRNS, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law for a period of one year, effective August 20, 1976.